WALTER F. RILEY *vs.* J. GEORGE LaRue.

PROVIDENCE—MARCH 16, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

The declaration in this case was as follows: "For that on the    day of    ,  A. D. 1897, at said Providence, said plaintiff having claims for money due

to him from many different and various persons, and being unable to collect the same with promptness, and having trust and confidence in the faithfulness and integrity of the said defendant, placed the said claims in the said defendant's hands for collection, the said defendant to receive twenty-five per cent. of the accounts collected as compensation for so collecting said claims, and the plaintiff says that the defendant has collected claims to the amount of seventy-five dollars from different and various persons indebted to said plaintiff as aforesaid ; and it thereupon became the duty of the said defendant to pay the same, less said twenty-five per cent., to the said plaintiff ; but the said defendant, unmindful of his duty in that behalf, and although the said plaintiff has at various times since said          day of          , A. D. 1897, demanded the same, he has neglected and refused to pay the same to the said plaintiff, but has fraudulently retained the same and converted the same to his own use ":—

*Held*, that the plaintiff's only claim against the defendant was for money had and received, and that an action of trespass on the case would not lie.

TRESPASS ON THE CASE.    Heard ·on defendant's petition for a new trial.

PER CURIAM.    The plaintiff has misconceived his form of action, the allegations contained in the declaration showing that it should have been assumpsit or debt, instead of trespass on the case.    The evidence, also, shows that the only claim the plaintiff has against the defendant is for money had and received to the plaintiff's use.    The declaration differs from the second count in the case of *Royce, Allen & Co.* v. *Oakes*, 20 R. I. 252, which we held amounted to a charge of larceny under the statute, in that it shows that twenty-five per cent. of the money collected belonged to the defendant, while in that case it appeared that all of the money collected belonged to the plaintiffs, so that there no accounting was necessary in order to determine the ownership.    We do not see, therefore, that, in view of the facts set out in the case at bar, any criminal complaint for embezzlement could be sustained so as to form the basis of a tort action under the statute.    The case is clearly within the second decision in *Royce, Allen & Co.* v. *Oakes, ante* p. 418.

Petition for new trial granted.

*Jacob W. Mathewson*, for plaintiff.

*Franklin P. Owen*, for defendant.